UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WENDY POWERS,

    Plaintiff,

v.

PORTFOLIO RECOVERY
ASSOCIATES, LLC,

    Defendant.
_____/

CASE NO.:

CLASS ACTION COMPLAINT

JURY TRIAL DEMANDED

## CLASS ACTION COMPLAINT

Plaintiff, Wendy Powers ("Plaintiff"), by and through undersigned counsel, hereby files this Class Action Complaint against Portfolio Recovery Associates, LLC ("Defendant" or "Portfolio") and states as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this class action for violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA").

2. Defendant routinely and intentionally communicates with and discloses to third-parties information in connection with the collection of debts. Such communication is forbidden under the FDCPA.

1

3. Defendant is one of the largest debt collection companies in the world and communicates with third parties in connection with hundreds of thousands of consumer debts.

## JURISDICTION AND VENUE

4. Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, as Plaintiff brings claims under 15 U.S.C. §1692 *et seq.*, the Federal Debt Collection Practices Act ("FDCPA").

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims and injuries occurred in the Middle District of Florida.

## PARTIES

6. Plaintiff, Wendy Powers, is a natural person who resides in Hillsborough County, Florida, where the causes of action arose, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3). She is a citizen of Florida.

7. Defendant, Portfolio, is a foreign limited liability company, is organized in Delaware, and whose principal address is in Virginia. Portfolio does business in the State of Florida, and is a "debt collector," as defined by 15 U.S.C. § 1692a(6). It is a citizen of Virginia.

8. Defendant, in the conduct of its business as a debt collector, used one or more instrumentalities of interstate commerce or the mails, including, without limitation, electronic communication, to communicate with Plaintiff.

9. The conduct of Defendant was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant, and/or they knew in advance that Defendant was likely to conduct itself, and allowed them to so act, with the conscious disregard of the rights of others. The agent(s) and employee(s) of Defendant acted within the course and scope of employment and acted with the consent, permission and authorization of Defendant.

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a class action, pursuant to Federal Rule of Civil Procedure 23, on her own behalf and on behalf of all other similarly-situated consumers. The FDCPA Class is defined as:

> All consumers in the United States about whose debt Defendant communicated information in connection with the collection of such debt to any third party vendor(s) without the consumer's prior consent given directly to Defendant for the communications, on or after the date one year before the date of filing of this Complaint.

### *Numerosity*

11. The Class is so numerous that joinder of all members is impracticable. The exact size of the class is unknown, but Plaintiff estimates the FDCPA Class may have approximately 100,000 members.

### *Commonality*

12. There are questions of law and fact that are common to the Class and that predominate over questions affecting any individual Class member. All Class members received collection letters from Defendant and were subject to the same policies and procedures. The common questions of law and fact include, without limitation, whether Defendant violated the FDCPA, 15 U.S.C. § 1692 *et seq.* by communicating with a third-party mail processor in connection with the collection of consumer debts.

### *Typicality*

13. Plaintiff's claims are typical of the claims of the Class, which are based on the same operative facts and share the same legal theories. Plaintiff has no interest adverse or antagonistic to the interests of other Class members.

### *Adequacy of Class Representation*

14. Plaintiff will fairly and adequately protect the interests of the Class and has retained experienced counsel, competent in prosecuting class action litigation.

### *Predominance of Common Questions*

15. The common questions described in Paragraphs 12 predominate over any individual issues.

*Superiority of Class Resolution*

16. A class action is superior to other methods to fairly and efficiently adjudicate this Complaint's claims. Plaintiff does not anticipate any unusual difficulties in managing the class action because the claims are based on Defendant's standard conduct patterns.

17. A class action will permit many similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would create.

18. Class treatment will allow the Court to adjudicate relatively small claims by many Class members who could not otherwise afford to seek legal remedies for Defendant's conduct.

19. Without a class action, Defendant will continue to violate the Class members' rights and the Class members will continue to suffer the loss of their legal rights, as well as monetary damages.

20. Defendant's actions apply generally to the entire Class and, accordingly, Plaintiff seeks relief that is appropriate for the entire Class.

## FACTUAL ALLEGATIONS

21. Defendant is a "debt collector" as defined under the FDCPA, 15 U.S.C. § 1692a(6). Defendant's letters attempt to collect on a debt that was already

5

in default at the time it was acquired by Defendant for collection. Moreover, in its collection letters at issue in this matter (**Exhibit A**), Defendant states that "This communication is from a debt collector…."

22. Plaintiff allegedly incurred and owed a consumer "debt" to Capital One Bank (USA), N.A., as defined under 15 U.S.C. § 1692a(5) and Fla. Stat. §559.55(6). Plaintiff's debt to Capital One Bank (USA), N.A. was a debt incurred for personal, family and/or household use.

23. Defendant purchased the debt from Capital One Bank (USA), N.A. after the debt was already in default.

24. Defendant then commenced communicating with Plaintiff regarding the debt by sending collection letters using a third-party mail processing company.

25. Defendant's collection letter to Plaintiff has a return address of P.O. Box 649, Monroe, WI 53566-0649. Upon information and belief, this return address belongs to a third-party company that acts on Defendant's behalf to perform mail processing services, including the preparation, sending, and receiving of correspondence related to debt collection for Defendant (the "mail processor").

26. Defendant disclosed to the mail processor information including: Plaintiff's name, address, and status as a debtor, and that Plaintiff owed Defendant $817.32, among other personal and sensitive information.

27. Defendant instructed the mail processor to use Plaintiff's personal information to populate a form collection letter and mail that letter to Plaintiff.

28. Under the FDCPA, 15 U.S.C. § 1692a(2), a "communication" means "the conveying of information regarding a debt directly or indirectly to any person through any medium."

29. Defendant's communication with the mail processor was in connection with the collection of a debt since it involved disclosure of the debt to a third party with the objective being communication with and motivation of the consumer to pay the alleged debt. Further, the communication was concerned with, referenced, and bore a relationship or association with the debt.

30. Plaintiff did not grant any consent to Defendant to communicate with any third parties in connection with the debt. Further, Defendant did not have the express permission of a court of competent jurisdiction to communicate with third parties in connection with the debt. Moreover, the communication was not necessary to effectuate any post-judgment remedy.

31. The Eleventh Circuit Court of Appeals has held that a debt collector's transmission of information to a third party in connection with a debt is a violation of 15 U.S.C. § 1692c(b). *See Hunstein v. Preferred Collection and Mgmt. Svcs., Inc.*, No. 19-14434, 2021 WL 1556069 (11th Cir. Apr. 21, 2021).

32. Upon information and belief, Defendant conveyed information regarding the debt to more than one third-party vendor.

33. Plaintiff did not provide Defendant prior consent to convey any information regarding the debt to any third-party vendor.

34. Sharing private consumer information with third parties is more than a technical violation of the FDCPA. Such improper disclosure increases the risk that such information will be inadvertently disclosed or subjected to data breaches by malicious hackers.

35. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

## COUNT I

## VIOLATION OF THE FDCPA BY DEFENDANT

36. This is an action against Defendant for violation of 15 U.S.C. §1692 *et seq*.

37. Plaintiff re-alleges and reincorporates paragraphs 1 through 35, as if fully set forth herein.

38. Defendant uses interstate commerce or the mails in its business, the principal purpose of which is the collection of debts, or Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due to another, and is therefore a "debt collector," as that term is

defined by 15 U.S.C. § 1692a(6).

39. Defendant, communicated, directly and/or indirectly, certain information to Plaintiff and third parties as set forth above, which constitutes "communication," as defined by 15 U.S.C. § 1692a(2).

40. Through the conduct described above, Defendant violated the following provisions of the FDCPA:

**15 U.S.C. § 1692c(b)**

Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

41. Specifically, Defendant violated 15 U.S.C. § 1692c(b) by, among other things, communicating with a third party in connection with the collection of the debt, as detailed above.

42. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to: (a) any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (b) statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A); (c) reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3); and (d) all other relief Plaintiff is entitled to under the law. Further, the FDCPA Class is entitled to such amounts as the

court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of Defendant.

43.     All conditions precedent to this action have occurred, have been satisfied, or have been waived.

44.     Plaintiff has retained the undersigned attorneys to pursue this claim against Defendant on behalf of the Class members and is obligated to pay a reasonable fee for the attorneys' services.

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, respectfully requests this Court enter a judgment in Plaintiff's favor finding that Defendant violated § 1692c(b) of the FDCPA; awarding Plaintiff any actual damages, statutory damages, attorneys' fees and costs, class damages, and awarding Plaintiff all such further relief that this Court deems necessary or appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury.  U.S. Const. Amend. 7 and Fed. R. Civ. P. 38.

Dated: May 5, 2021

        Respectfully Submitted,

        */s/ Katherine Earle Yanes*
        **KATHERINE EARLE YANES, ESQ.**
        Florida Bar No. 159727
        kyanes@kmf-law.com
        **GUS M. CENTRONE, ESQ**
        Florida Bar No. 30151
        gcentrone@kmf-law.com
        **KYNES, MARKMAN & FELMAN, P.A.**
        100 S. Ashley Dr., Ste. 1400
        Tampa, FL. 33602
        Phone: (813) 229-1118
        Fax: (813) 221-6750

        **BRIAN L. SHRADER, ESQ.**
        Florida Bar No. 57251
        bshrader@shraderlawfirm.com
        **SHRADER LAW, PLLC**
        612 W. Bay Street
        Tampa, Florida 33606
        Phone: (813) 360-1529
        Fax:    (813) 336-0832

        **KAELYN STEINKRAUS DIAMOND**
        Florida Bar No. 125132
        kaelyn@attorneydebtfighters.com
        **ZIEGLER DIAMOND LAW**
        2561 Nursery Rd., Ste. A
        Clearwater, FL 33764
        Phone: (727) 538-4188
        Fax: (727) 362-4778

        *Attorneys for Plaintiff*